**A.Y. STRAUSS LLC**
Eric H. Horn, Esq.
535 Fifth Avenue, 4th Floor
New York, New York 10017
Tel. (973) 287-5006
Fax (973) 226-4104

*Proposed Counsel to the Debtor
and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>288 4th LLC,<br><br>              Debtor. | Chapter 11<br><br>Case No. 24-43626-ess |
| 288 4TH LLC,<br><br>              Plaintiff,<br><br>v.<br><br>HAIM KAHAN, COHEN TAUBER SPIEVACK & WAGNER P.C., YECHESKEL WEISZ, AND SHIA WEISZ,<br><br>              Defendants. | Adversary Proceeding<br>Case No. 24-<br><br>**MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

288 4th LLC (the "***Debtor***"), by and through its counsel, A.Y. Strauss LLC, submits this memorandum of law in support of its application for a temporary restraining order and preliminary injunction.

**PRELIMINARY STATEMENT**

1. The Debtor brings this application for a temporary restraining order and preliminary injunction to restrain Defendant Cohen Tauber Spievack & Wagner PC ("**Cohen Tauber**") from turning over $1.6 million of the Debtor's funds currently being held in escrow by Cohen Tauber to Defendant Kahan.

2. Defendant Haim Kahan ("**Kahan**") has now filed three actions in the Supreme Court for the State of New York, County of Kings (the "**State Court**") in order to obtain access to these funds.

3. The $1.6 million belongs to the Debtor and no one else and thus is property of the Debtor's estate pursuant to Bankruptcy Code section 541. That fact is acknowledged by Kahan in his Affirmation filed in the State Court wherein Kahan states:

> On or about August 3, 2022, Crown 286 4th Avenue LLC ("Crown") and 2123 Denton LLC ("Denton," with Crown, "Sellers") entered into a purchase and sale agreement with 288 4th LLC ("288 4th"), as purchaser, for the sale of real property located at 286-290 4th Avenue and 21-23 Denton Place, both locations in Brooklyn . . . *The transaction ultimately did not close, and one of the Sellers returned $1.6 million to 288 4th.*

*See* Kahan Affirmation annexed hereto as **Exhibit A** (emphasis added).

4. All Defendants have been advised of the automatic stay, but Kahan simply does not care and is continuing to seek from the State Court access to those funds.

5. The New York State Court has issued inconsistent orders in the actions, and as it stands now, absent this Court's intervention, Defendant Cohen Tauber, upon information and belief, plans to distribute the funds by today.

6. Debtor will suffer irreparable harm in the absence of injunctive relief. Absent injunctive relief, the Debtor will be obstructed from preserving estate assets and risks losing estate

property to Kahan.  In these circumstances, injunctive relief is warranted to prevent irreparable harm.

7. Debtor also demonstrates a likelihood of success on the merits.  The Defendants simply cannot demonstrate that the $1.6 million is anything but property of the Debtor's estate.  And the balance of the equities weighs decisively in favor of injunctive relief to prevent obstruction of the bankruptcy process and diversion of assets.  For these reasons, and for those reasons set forth in detail below, Debtor's application for injunctive relief must be granted.

## FACTUAL BACKGROUND

8. On September 2, 2024, (the "***Petition Date***"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") with the United States Bankruptcy Court for the Eastern District of New York (the "***Bankruptcy Court***").

9. The Debtor continues in possession of its property and the management of its business affairs as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

10. No trustee, examiner, or statutory committee has been appointed.

11. The Debtor is 100% owned by Perl Weisz.  A copy of the Operating Agreement is annexed hereto as **Exhibit B**.

12. The $1.6 million at issue was the return of a contract deposit for the Debtor in accordance with a Termination Agreement dated November 4, 2022.  *See* Termination Agreement attached as **Exhibit C**.

13. On July 19, 2024, Kahan commenced an action in the State Court titled *Kahan v. Weisz et al.*, Index No: 519589/2024 (the "***First Action***").  In that action, Kahan sought to compel Yecheskel Weisz and Shai Weisz to arbitration to determine the ownership of the $1.6 million.

14. Pursuant to an order entered in the First Action on July 22, 2024, the $1.6 million was transferred to the escrow account of Defendant Cohen Tauber.

3

15. On July 23, 2024, Stephen Wagner, Esq. (of Cohen Tauber) sent an email to various parties in which he confirmed that the $1.6 million would not be transferred out of Cohen Tauber's escrow account until such time as Kahan and Yecheskel Weisz agree to release such or the parties are otherwise ordered to do so by the Jewish Rabbinical Court. See email attached as **Exhibit D**.

16. On August 30, 2024, Kahan commenced a second action in the State Court by Order to Show Cause titled *Haim Kahan v. Cohen Tauber Spievack & Wagner PC*, Index No. 523487/2024 (the "***Second Action***"). In the Second Action, without notice to any other party other than Cohen Tauber, Kahan sought to have the $1.6 million turned over to him. Ironically, on the same day, the State Court entered an order directing that the $1.6 million of Debtor funds be turned over to Kahan. A copy of the Order is annexed hereto as **Exhibit E.**

17. Upon learning of such order, the Debtor commenced an emergency chapter 11 on September 2, 2024 and filed a Notice of Suggestion of Bankruptcy on the State Court docket in the Second Action.

18. Additionally, counsel to Yecheskel Weisz and Shai Weisz at around 7:00 am (ET) on September 3, 2024 filed an Order to Show Cause with supporting papers to have the Court's August 30, 2024 order vacated.

19. Kahan immediately thereafter filed a Notice of Discontinuance in the Second Action in an attempt to cut off Yecheskel Weisz and Shai Weisz's argument that the monies belonged to the Debtor.

20. Even more bizarre, upon filing the Notice of Discontinuance, on September 3, 2024, Kahan filed a third action by Order to Show Cause in the State Court titled *Haim Kahan v. Cohen Tauber Spievack & Wagner PC, Yecheskel Weisz and Shai Weisz*, Index No. 523694/2024 (the "***Third Action***"). Again, without any notice, the State Court entered an order which seems to

4

be inconsistent with August 30, 2024 order entered in the Second Action. See Order dated September 3, 2024 annexed hereto as **Exhibit F**.

21. Cohen Tauber based on a telephone call with Debtor's counsel is concerned that if it does not turn over the monies it will be subject to contempt.

22. Debtor's counsel understands that counsel to Yecheskel Weisz and Shai Weisz intends on filing an order to show cause in the Third Action early morning on September 4th to vacate the order entered in the Third Action.

23. Plaintiff now seeks a temporary restraining order and preliminary injunction enjoining Defendant Cohen Tauber from turning over the $1.6 million of estate monies to Kahan.

## **LEGAL ARGUMENT**

**I. Standard for Approval of a Temporary Restraining Order and Preliminary Injunction**

24. Rule 65(a) of the Federal Rules of Civil Procedure authorizes a court to issue a preliminary injunction. Rule 65(b), in turn, authorizes a court to issue a temporary restraining order. The standards for granting a temporary restraining order and a preliminary injunction are the same. *See Ahmad v. Long Island Univ.*, 18 F. Supp. 2d 245, 247 (E.D.N.Y. 1998), *citing Loc. 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992).

25. To be entitled to a temporary restraining order or preliminary injunction in the Second Circuit, a party must demonstrate: "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *Cnty. of Nassau, N.Y. v. Leavitt*, 524 F.3d 408, 414 (2d Cir. 2008). "To satisfy the irreparable harm requirement, Plaintiffs must demonstrate that absent a preliminary

5

injunction they will suffer 'an injury that is neither remote nor speculative, but actual and imminent,' and one that cannot be remedied 'if a court waits until the end of trial to resolve the harm.'" *Grand River Enter. Six Nations, Ltd v. Pryor*, 481 F.3d 60,66 (2d Cir. 2007).

26. In the bankruptcy context, however, courts in the Second Circuit have recognized that "a bankruptcy court, pursuant to its powers under § 105, may grant a preliminary injunction to protect the debtor or the estate without a showing of irreparable injury." *In re Homaidan*, 640 B.R. 810, 826 (Bankr. E.D.N.Y. 2022), *appeal dismissed sub nom. Navient Sols., LLC v. Homaidan*, No. 17-AP-1085(ESS), 2022 WL 4079579 (E.D.N.Y. Sept. 6, 2022) (citing 11 U.S.C. § 105). Such power may be used, for example, "to enforce or implement the Court's earlier orders" and to "prevent abuses of process." *Id.* (quoting *NWL Holdings, Inc. v. Eden Center, Inc. (In re Ames Dep't Stores, Inc.*), 317 B.R. 260, 274 (Bankr. S.D.N.Y. 2004)).

27. A temporary restraining order may be issued without notice to the adverse party or its attorney only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A)-(B).

28. Rule 65(c) of the Federal Rules of Civil Procedure requires a party seeking a preliminary injunction or temporary restraining order to post security. *See* Fed. R. Civ. Pro. 65(c). However, Bankruptcy Rule 7065 specifically states "a temporary restraining order or preliminary injunction may be issued on application of a debtor, trustee, or debtor in possession without compliance with Rule 65(c)."

**II.     The Court Should Grant a Temporary Restraining Order and Preliminary Injunction**

   **A.     <u>Plaintiff will Suffer Irreparable Harm Absent Injunctive Relief</u>**

29.     Plaintiff will be irreparably harmed if the temporary restraining order and preliminary injunction are not granted. Absent such relief, the Debtor risks losing $1.6 million of its funds. Such would be disastrous to the Debtor's chapter 11 case and the Debtor would have no means to restructure absent such relief.

30.     On these facts, the Debtor is being denied the right to control its own property, which is a classic demonstration of irreparable harm. *See, e.g., Meisels v. Meisels*, No. 19-CV-4767(EK)(RML), 2022 WL 4451002 at *10 (E.D.N.Y. Sept. 22, 2022), *citing Citibank v. Nyland*, 839 F.2d 93, 97 (2d Cir. 1988); *Southland Corp. v. Froelich*, 41 F. Supp. 2d 227, 242 (E.D.N.Y. 1999) (granting preliminary injunction where "a person with no legitimate ownership claim is refusing to relinquish control of property"); *Persaud v. Exxon Corp.*, 867 F. Supp. 128, 141 (E.D.N.Y. 1994) (granting preliminary injunction against terminated franchisee refusing to relinquish Exxon equipment and other property).

31.     Here, in the context of a bankruptcy, the Debtor's paramount interest in preserving estate property—and the imminent risk of irreparable harm if estate property is siphoned Kahan make a TRO and preliminary injunction particularly necessary. *See In re Sledziejowski*, 533 B.R. 408, 412 (Bankr. S.D.N.Y. 2015) (granting TRO, preliminary injunction, and additional relief in adversary proceeding to "restrict, preserve and track assets that may be assets of the estate"); *In re Netia Holdings S.A.*, 278 B.R. 344, 345 (Bankr. S.D.N.Y. 2002) (granting preliminary injunction to "preserv[e] the status quo and to protect the assets from being taken" during insolvency proceedings).

32. If Defendants are not enjoined, Debtor's reorganization efforts will be threatened, including but not limited to the risks that Kahan will take the $1.6 million and immediately use such funds to satisfy his own debts or use towards his other deals. For at least these reasons, the risk of irreparable harm has been shown.

**B.** **<u>Plaintiff has Shown Likelihood of Success on the Merits and Balancing of the Equities in its Favor</u>**

33. Plaintiff establishes likelihood of success on the merits in this adversary proceeding. At core, this proceeding seeks relief to obtain estate property that Kahan is refusing to turn over. There is simply no argument that supports that the $1.6 million belongs to any party other than the Debtor. Simply stated, the monies belong to the Debtor's estate.

34. Finally, the balance of the equities weighs decidedly in favor of Plaintiff. Indeed, the $1.6 million belongs to the Debtor. Any attempts by Kahan to obtain those funds is barred by the automatic stay. Kahan has no rights to the $1.6 million. The money belongs to the Debtor's estate – plain and simple. No legal or equitable interest would be served by permitting such unlawful conduct to continue.

*[remainder of page intentionally left blank]*

## CONCLUSION

For the foregoing reasons, Plaintiff's application for a temporary restraining order and preliminary injunction should be granted in its entirety.

Dated: September 4, 2024

Respectfully submitted,

**A.Y. STRAUSS LLC**

By: *s/ Eric H. Horn*
Eric H. Horn, Esq.
535 Fifth Avenue, 4th Floor
New York, New York 10017
Tel. (973) 287-5006
Fax (973) 226-4104

*Attorneys for Plaintiff*