**SHIRYAK, BOWMAN, ANDERSON, GILL & KADOCHNIKOV, LLP**
Btzalel Hirschhorn, Esq.
8002 Kew Gardens, Suite 600
Kew Gardens, NY 11415
Tel: (718) 263-6800
Fax: (718) 520-9401
Email: Bhirschhorn@sbagk.com

*Counsel to the Debtor*
*and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X   Chapter 11

In re:                                                                                        Case No. 24-43626

288 4TH LLC,

        Debtor,

------------------------------------------------------------------X   Adv. Proc. #: **24-01087-ess**

288 4th LLC,

        Plaintiff,

                                **NOTICE OF MOTION TO DISMISS**

      - against -

HAIM KAHAN, COHEN, TAUBER, SPIEVACK & WAGNER, P.C.,
YECHESKEL WEISZ, & SHIA WEISZ

        Debtor-Defendant
------------------------------------------------------------------X

**PLEASE TAKE NOTICE** that upon the application dated September 18, 2024 (the "Application"), Defendant Chaim Kahan ("Kahan"), by his attorneys, Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP, shall move before the Honorable Elizabeth S. Stong, United States Bankruptcy Judge, in the Courtroom located at the United States Bankruptcy Court

for the Eastern District of New York, located at 271C Cadman Plaza East, Courtroom **3585 on October 2, 2024, at 10:30 am,** or as soon thereafter as counsel may be heard, for entry of an order (a) pursuant to 28 U.S.C. §1334 and 1452, and Rule 9027 of the Federal Rules of Bankruptcy Procedure remanding the instant proceeding to Kings Supreme Court; and (b) for such other and further relief as this Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE**, that all hearings before Judge Stong will be conducted by telephone, video or in person, as the Court deems appropriate. For remote hearings, whether telephonic or video, it is not necessary to contact the Courtroom Deputy to request prior authorization to appear remotely.

Whether the hearing is in person or remote, please use eCourt Appearances to register to appear at a hearing. To register, please provide your name, address, e-mail address, telephone number on the hearing date, and the party that you represent, if applicable. Please be sure to register at least two business days before your hearing. For remote hearings, you will receive instructions on how to access the hearing via e-mail two business days before the hearing. On your hearing date, please connect at least ten minutes before your scheduled hearing time and keep your audio and video on mute until your case is called.

If you have a CM/ECF account, you may access eCourt Appearances in the "Utilities" menu after logging into CM/ECF. Alternatively, you may access eCourt Appearances on the Court's website at https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl. In the event that you are not able to register online, you may call or email Judge Stong's courtroom deputy for instructions at (347) 394-1864, ess_hearings@nyeb.uscourts.gov, at least two (2) business days prior to the hearing date.

Additional information about eCourt Appearances, including a tutorial on how to use the program, is available at https://www.nyeb.uscourts.gov/registering-remote-hearing-appearanceusing-ecourt-appearances. For more information, please see https://www.nyeb.uscourts.gov/content/judge-elizabeth-s-stong.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the relief herein requested shall be in writing, shall state with particularity the grounds for the objection, shall be filed with the Clerk of the Bankruptcy Court and served upon the undersigned counsel for the Applicant by 5:00 p.m. seven days prior to the return date and upon any other person whose interests would be affected if the objection is sustained.

**PLEASE TAKE FURTHER NOTICE**, that the Hearing may be adjourned from time to time without further notice other than the announcement of such adjournment in open Court.

**PLEASE TAKE FURTHER NOTICE**, that you need not appear at the Hearing if you do not object to the relief requested in the Motion.

Dated: Kew Gardens, New York
September 17, 2024

    /s/ Btzalel Hirschhorn, Esq_____
    Btzalel Hirschhorn, Esq.
SHIRYAK, BOWMAN, ANDERSON, GILL & KADOCHNIKOV, LLP
    80-02 Kew Gardens, Rd. Ste. 600
    Kew Gardens, NY 11415
    718-263-6800
    Counsel for Interested Party Chaim Kahan

Notice to:

All Parties listed on the Affidavit of Service

**SHIRYAK, BOWMAN, ANDERSON, GILL & KADOCHNIKOV, LLP**
Btzalel Hirschhorn, Esq.
8002 Kew Gardens, Suite 600
Kew Gardens, NY 11415
Tel: (718) 263-6800
Fax: (718) 520-9401
Email: Bhirschhorn@sbagk.com

*Counsel to the Debtor*
*and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X   Chapter 11

In re:                                                                                    Case No. 24-43626

288 4TH LLC,

        Debtor,

---------------------------------------------------------------X   Adv. Proc. #: **24-01089-ess**

288 4th LLC,

        Plaintiff,

                **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

    - against -

HAIM KAHAN, COHEN, TAUBER, SPIEVACK & WAGNER, P.C.,
YECHESKEL WEISZ, & SHIA WEISZ

        Debtor-Defendant

---------------------------------------------------------------X

    **Btzalel Hirschhorn, Esq.,** an attorney duly licensed to practice law before the Courts of this State and before the Courts of the Eastern District of New York, respectfully submits this memorandum of law motion in support of Defendant Haim Kahan's Motion to Dismiss the above styled adversary proceeding pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure, made applicable to bankruptcy proceedings via Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, and for other and further relief as this Court deems just.

## PRELIMINARY STATEMENT

1. The Debtor's complaint seeks essentially the same relief requested in its Order to Show Cause and supporting Memorandum [Doc. No. 2]. The opposition filed by Defendant Kahan details in sum, that the Debtor's application must be denied as it is both moot and barred by the *Rooker Feldman* doctrine. [Doc. No. 12]. Kahan submits that both reasons apply to dismiss this entire proceeding. Kahan incorporates the arguments as laid out in his opposition as if set forth in full herein. Finally, Debtor attempts to use 11 U.S.C. §§541 & 542 as the alleged authority for having this Court compel the turnover of $1.6 million. However, §542 will only come into play if the funds in dispute are indeed estate property. If they are not estate property, §542 has no relevance. On the issue of estate property, there is current and ongoing litigation in state court amongst the *members* of the alleged Debtor as to who has the right to these funds. However, it should be noted, that despite there being three separate litigations in Kings County in which the Weisz parties have appeared and claimed to be members of the Debtor, the Debtor itself was never a named party and there was never a claim by the Weisz Parties that the funds belonged to the Debtor and not the individuals. Regardless, one way or another, the State Court will adjudicate who has the rights to these funds.

## JURISDICTION

2. This Court has subject matter jurisdiction to consider and determine this Application pursuant to 28 U.S.C. §1334. This is not a core proceeding pursuant to 28 U.S.C. §157(b) as the estate has no interest in the property in dispute. Venue is proper before this Court pursuant to 28 U.S.C. §1408.

**FACTUAL & PROCEDURAL BACKGROUND**

3. The factual and procedural background of this case is laid out in detail in Kahan's Motion to Dismiss the main bankruptcy proceeding and is adopted herein. [See Man Bankr. Doc. No. 10].

**ARGUMENT**

*i.  The Complaint is Barred by Rooker Feldman*

4. Rule 7012(b) of the Federal Rules of Bankruptcy Procedure incorporates Rule 12(b) of the Federal Rules of Civil Procedure. Rule 12(b)(6) in turn provides in pertinent part: "[A] party may assert the following defenses by motion . . . failure to state a claim upon which relief can be granted."

5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, (2009).

6. For the *Rooker-Feldman* doctrine to apply Plaintiff: (1) "must have lost in state court"; (2) "must complain of injuries caused by a state-court judgment"; (3) "must invite district court review and rejection of that judgment"; and (4) "the state-court judgment must have been rendered before the district court proceedings commenced." ROSITA SINGH, Plaintiff, v. U.S. BANK, Defendant., No. 24-CV-3556 (HG), 2024 WL 4145745, at *3 (E.D.N.Y. Sept. 11, 2024).

7. Here, as detailed in Defendant Kahan's opposition, all four elements are present. (1) The Plaintiff was the party 'aggrieved' by the State Court Order due to the fact that the down payment was not awarded to it and instead was directed to be released to non-party Progressive. [1] (2) The Debtor is complaining of the injuries caused by the State Court judgment. The Debtor

---

[1] It should be noted that Plaintiff was not actually the 'loser' in State Court. The 'loser' was the Weisz Parties. This shows the entire confusing nature of this action. The Debtor claims to be the party 'aggrieved' by the State Court Order but the Debtor was not even a party to that action.

complains that the State Court order was 'inconsistent' and without this Court's intervention it will not be able to recover these funds. The release of the funds was a direct result of Judge Ottley's first order. It is Judge Ottley's order that the Debtor is complaining has caused it harm. (3) The Debtor has directly requested this Court's intervention. *See* Horn Memo. ¶5, [Doc. No. 2]. (4) This action was commenced on September 4, 2024. Judge Ottley's order was issued on September 3, 2024. Thus, the State Court judgment was rendered prior to the commencement of this action. Accordingly, this final element is met as well.

8. In sum, even if all of Plaintiff's allegation were presumed as true, it still would not matter; this entire action is barred by *Rooker Feldman*. As such, on these grounds alone the complaint must be dismissed in its entirety.

    ii. <u>*Debtor's Complaint is Moot*</u>

9. The Debtor's complaint requests the Court issue the following relief: "*directing Defendant Haim Kahan to immediately cease and desist from any and all action to obtain the $1.6 million currently being held in Cohen Tauber Spievack & Wagner PC's escrow account, and (b) enjoining Defendant Cohen Tauber from turning over the $1.6 million to Kahan or any other party absent further order of the Court*." See ¶ 16.

10. As discussed in Defendant Kahan's opposition, pursuant to Judge Ottley's order, Cohen Tauber Spievack & Wagner PC, ("CTSW") already released the funds to Progressive. Thus, there is nothing Kahan can do to take any action to obtain funds in CTSW's escrow because the funds are no longer in CTSW's escrow. Likewise, since CTSW already released the funds pursuant to a Court order, it is too late to enjoin an action that has already occurred. In short, the acts the Debtor seeks to enjoin have already taken place pursuant to court order. The funds have been released to non-party Progressive. The Debtor has made no attempt to even add

in Progressive as a party. Upon information and belief the Debtor has likewise not made any attempt to give Progressive any notice of this action. Accordingly, as the funds have already been released the relief sought by the Debtor's complaint is moot and there is nothing left for this Court to enjoin.

 iii. *The Funds are not Estate Property*

 11. 11 U.S.C. §541(a) defines estate property as "all legal or equitable interests of the debtor in property as of the commencement of the case." Here, again, the funds are the subject of an active and ongoing litigation in Kings County Supreme Court. Not only is the Debtor not a party to that action, the entity to whom the funds were released to (i.e. Progressive), is likewise not a party.

 12. Kahan has specifically disputed the notion that these funds belong to anyone except for him. Kahan disputes that the funds belong to the Weisz Parties and certainly disputes the notion that the funds belong to a corporate entity that is allegedly solely owned by Perl Weisz who is somehow connected with the Weisz Parties. As of the date herein, there has been no adjudication from the State Court finding that the funds belong to either the Debtor or to the Weisz Parties. The most favorable interpretation is that ownership of the funds is disputed. Therefore, until there is a merits-based adjudication finding that the funds belong to the Debtor, AND that Perl Weisz is indeed the sole member of the Debtor, the funds at issue cannot be said to be estate property.

 13. Finally, it is important to highlight that the complaint fails to seek any type of ruling that the $1.6 million is indeed estate property. It simply assumes that it is so (this despite the alleged members of the Debtor taking contrary positions in state court), and then asks this Court to direct its turnover. As there has been no adjudication that the $1.6 million is indeed

somehow property of the Debtor, these funds cannot be said to be estate property. Accordingly, 11 U.S.C. §542 cannot be used to compel turnover.

## **CONCLUSION**

14. As demonstrated above, Debtor's complaint is barred by the *Rooker Feldman* doctrine, is moot, and mischaracterizes the nature of the funds at issue. Accordingly, for all of these reasons, Plaintiffs' complaint must be dismissed with prejudice.

**WHEREFORE**, the Defendant Kahan respectfully requests an order;

a. Dismissing the Complaint in its entirety; and

b. For such other and further relief as this Court deems just and proper.

Dated: September 18, 2024
Kew Gardens, New York

Yours etc.,

Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP

/s/ Btzalel Hirschhorn
By: Btzalel Hirschhorn, Esq.
Attorney for Defendant Haim Kahan
80-02 Kew Gardens, Rd. Ste. 600
Kew Gardens, New York 11415
Tel: 718-263-6800