SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------------------------X

HAIM KAHAN,

                    Plaintiff,

        -against-                            Index No.: _____/2024

COHEN TAUBER SPIEVACK & WAGNER P.C.,

                    Defendant.

-------------------------------------------------------------------------X

## AFFIRMATION OF HAIM KAHAN

      **HAIM KAHAN** states the following under penalty of perjury.

      1.      I am the Plaintiff in this action to compel my former counsel, defendant Cohen Tauber Spievack & Wagner P.C. ("CTSW"), to transfer funds that it is holding in escrow to me.

      2.      This action relates to a special proceeding to compel arbitration, captioned *Kahan v. Weisz et al.* (Index No. 519589/2024) (Sup. Ct. Kings County) (the "Related Proceeding"), which I brought against Yecheskel Weisz ("Y. Weisz") and Shia Weisz ("S. Weisz" and collectively, the "Weisz Parties").

## THE FACTS

      3.      On or about August 3, 2022, Crown 286 4th Avenue LLC ("Crown") and 2123 Denton LLC ("Denton," with Crown, "Sellers") entered into a purchase and sale agreement with 288 4th LLC ("288 4th")[1], as purchaser, for the sale of real property located at 286-290 4th

---

[1]     288 4th was owned by me (60%), and by Perl Weisz and S. Weisz (collectively 40%). Y. Weisz was designated as 288 4th's "manager."

{00536068.DOCX; 3}

Avenue and 21-23 Denton Place, both locations in Brooklyn (the "Purchase and Sale Agreement," attached as Exhibit 1). In connection with that transaction, I made a wire transfer of $2.2 million (among other payments) for a downpayment. Neither of the Weisz Parties, or anyone else, contributed to these funds. (Documents evidencing the August 19, 2022 wire transfer of $2.2 million by me are attached collectively as Exhibit 2.)

4.      The transaction ultimately did not close, and one of the Sellers returned $1.6 million to 288 4th.

5.      I agreed to take back only $1.6 million from that Seller as a settlement, even though I was losing the difference between that and the $2.2 million that had been made as a downpayment.

## THE AGREEMENT TO ARBITRATE

6.      On or about November 4, 2022, I agreed that the $1.6 million would remain in escrow with title company Riverside Abstract, Inc. ("Riverside").

7.      The money was wired to Riverside's escrow account and was received on or about November 8, 2022.

8.      Ultimately, the Weisz Parties and I did not agree on the release of the funds, and thus, in accordance with an agreement between us to arbitrate disputes before the Beth Din Tartikov, I sought to refer the matter to the Beth Din for adjudication.

## THE WEISZ RESPONDENTS BREACH THE AGREEMENT TO ARBITRATE

9.      As set forth below, the Beth Din issued three summonses (known as "Hazmanos" in Hebrew) to the Weisz Parties to appear to resolve the issue of allocation of the $1.6 million Riverside was holding. The Weisz Parties ignored them all.

10.     The summonses were issued on (i) the 25th day of the first month of Adar in the Jewish calendar (corresponding to March 5, 2024); (ii) the 4th day of the second month of Adar (corresponding to March 14, 2024); and (iii) the 25th Day of the second moth of Adar (corresponding to March 28, 2024).  Each summoned them to appear for a "Din Torah" (adjudication according to Jewish law before a Beth Din) on March 12, 2024, March 26, 2024, and April 11, 2024, respectively.  The Summonses noted that the matter to be adjudicated regarding claims between me and the Weisz Parties.

11.     The Weisz Parties ignored each summons.

12.     Not only that, the Weisz Parties also rebuffed my many attempts to persuade them to respond to the summonses and arbitrate the dispute.

13.     Because the Weisz Parties repeatedly ignored the summonses and refused to arbitrate, on July 19, 2024, I was forced to commence the Related Proceeding against the Weisz Parties, seeking, *inter alia*, to compel arbitration.

14.     In connection therewith, CTSW filed a motion, brought by order to show cause, which sought (i) to compel arbitration and (ii) direct Riverside to transfer the $1.6 million it held to CTSW.

15.     On July 22, 2024, the Court signed the order to show cause (attached as Exhibit 3), directed Riverside to transfer the funds to CTSW's escrow account, and set a hearing date for July 31, 2024.

16.     Thereafter, Riverside transferred the funds to CTSW's escrow account.  The $1.6 million remains in CTSW's escrow account.

{00536068.DOCX; 3}                                     3

RECEIVED NYSCEF: 08/30/2024

17.     Because there can be no dispute that the $1.6 million in funds were provided by me as a down payment in the underlying transaction, the Court should direct that those funds— held by CTSW—be transferred to me.

18.     Without the requested relief, I will suffer significant and immediate financial harm.  The Weisz Parties have made a willful and tactical decision to evade and ignore the summonses issued by the Beth Din in order to harm me and prevent me from recovering the monies that are rightfully mine.  Without those funds, I have been left unable to pay my mortgage and meet his other debts, and will soon be in default on his obligations.  Consequently, the funds being held in escrow by CTSW should be transferred to me.

19.     In addition, I have a time-is-of-the-essence closing scheduled for Tuesday, September 3, 2024, that I need to fund.  Without the funds held by CTSW, I will be harmed, as I will have no means of closing and will lose everything in connection with that transaction.

20.     No previous application has been made for the relief requested herein.


I affirm this 30th day of August, 2024, under the penalty of perjury under the laws of the State of New York, which may include a fine or imprisonment, that the foregoing is true and correct to the best of my knowledge and belief, and understand that this document may be filed in an action or proceeding in a court of law.

_____
HAIM KAHAN