# TERMINATION AGREEMENT

THIS TERMINATION AGREEMENT ("**Agreement**") is made as of the 4th day of November, 2022 by and between **CROWN 286 4th AVENUE LLC and 2123 DENTON LLC**, both New York limited liability companies maintaining an address at 478 Albany Avenue #88, Brooklyn, NY 11203 (collectively hereinafter referred to as "**Sellers**"), **288 4th LLC**, a New York limited liability company, having an address at 320 Roebling Street, Suite 304, Brooklyn, New York 11211 (hereinafter referred to as "**Purchaser**") and **CHEZKIE WEISZ** and **SHIE WEISZ** (jointly and severally hereinafter referred to as "**Guarantors**"). Sellers and Purchaser are jointly referred to herein as the "Parties" and each as a "Party".

W I T N E S S E T H:

WHEREAS, the Purchaser and Sellers have entered into a Purchase and Sale Agreement, dated August 3, 2022 (the "**PSA**") pursuant to which Purchaser has delivered to Bartfield and Knopfler PLLC, as Escrow Agent (the "**Escrow Agent**") the sum of $2,000,000 as the down payment towards the Purchaser Price for the Premises described therein (the "**Down Payment**"); and,

WHEREAS, Purchaser has informed Sellers that it will be unable to pay the balance of the Purchase Price as and when required under the PSA and, as a result thereof, the Parties mutually desire to terminate the PSA in accordance with the terms and conditions herein set forth.

NOW, THEREFORE, in consideration of the premises and of the mutual covenants and agreements hereinafter set forth, and subject to the terms and conditions hereof, Sellers, Purchaser and the Guarantors hereby covenant and agree as follows:

1. The Parties mutually agree to terminate the PSA, and all of the obligations of the Parties thereunder, effective upon the execution hereof.

2. The Parties mutually authorize and direct the Escrow Agent to disburse $400,000.00 of the Down Payment to Sellers by wire transfer to such Parties in accordance with wire instructions set forth hereinbelow and $1,600,000 to Purchaser, by wire transfer in accordance with wire instructions to be provided to the Escrow Agent by the Purchaser.

3. Purchaser and the Guarantors jointly and severally represent and warrant to Sellers that (i) Purchaser has not assigned any of its rights or obligations under the PSA to any other person or entity, (ii) Purchaser has not filed any plans and specifications regarding the Premises described in the PSA with the Department of Buildings or made any other filing with any other governmental agencies with respect to such Premises, and (iii) Purchaser and/or the Guarantors shall remain solely responsible for any fees or

1

commissions which may be due, or become due, to the Broker described in the PSA. These representations shall survive the termination of the PSA.

4. The Parties, on behalf of themselves, their Members, managers, affiliates, agents and representatives (collectively, the "Released Persons"), hereby release and discharge the other Party, together with all their Released Persons, from all known and unknown charges, complaints, claims, grievances, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, penalties and expenses (including attorneys' fees and costs actually incurred) of any kind, nature or description whatsoever, known or unknown, which either Party has, or may have had, against the other Party or any of the Released Persons from the beginning of the world to the date of the execution of this Agreement, whether or not apparent or yet to be discovered, or which may hereafter develop, for any acts or omissions related to or arising from the PSA or any other agreement or understanding between the Parties and any other matter, dealings, interactions or relationships between the Parties or any of the Released Persons of any kind, nature or description whatsoever, other than other than a breach of the representations, agreements and warranties set forth in Sections 3 and 5 hereof, none of which shall not be affected by this mutual release.

5. Purchaser expressly and irrevocably hereby waives forever any right whatsoever to, and agrees and warrants that it shall not under any circumstances, file a Notice of Pendency against the Premises or file or commence any other action or proceeding of any kind, nature or description (including an arbitration or mediation proceeding) against Sellers, Sellers' Members, Sellers' Managers or against the Premises. Purchaser and the Guarantors acknowledge that it is extremely difficult and impractical to ascertain the extent of the detriment to be sustained by Sellers as a result of Purchaser's breach of its waiver and undertaking in this Section 5 and agree that if the Purchaser (or anyone on its behalf) shall violate any the terms set forth in Section 5, the Purchaser and the Guarantors shall be jointly and severally liable to Sellers in the sum of $5,000,000.00 as of the moment any such Notice of Pendency, action or proceeding is filed or commenced, as liquidated damages, the amount of which the Purchaser and Guarantors acknowledge represents a bona fide good faith estimate of the damages Sellers would suffer in such event and a reasonable forecast of just compensation for the harm that would be caused to Sellers by such a breach by Purchaser. This sum shall be in addition to Sellers' right to retain the portion of the Down Payment described above.

6. Each Party shall be responsible for its own costs incurred in connection with the PSA, this Agreement or any other dealings or interactions between them.

7. This Agreement contain all of the terms, promises, covenants, conditions and representations made or entered into by or between Parties and supersedes the PSA as well as any prior discussions and other agreements, whether written or oral, between them and all other matters contained in the PSA or herein and constitutes the sole and entire surviving agreement between the Parties. Any conflict between the PSA and this Agreement shall be resolved in favor of this Agreement, with the terms hereof to govern.

8. This Agreement cannot be changed, modified, discharged or terminated by any oral agreement or any other agreement and there cannot be any waiver of the warranties, representations and covenants expressly contained in this Agreement unless the same is in writing and signed by the party against whom enforcement of the change, modification, discharge, termination or waiver is sought.

9. This Agreement may be executed in any number of counterparts (including counterparts transmitted by fax or by electronic mail in PDF format), each of which shall be deemed an original and enforceable against the parties actually executing such counterpart, and all of which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the parties hereto have executed this Termination Agreement as of the date first above written.

CROWN 286 4th AVENUE LLC

By:_____
Name: Hosea Deitsch
Title: Authorized Signatory

2123 DENTON LLC

By:_____
Name: Hosea Deitsch
Title: Authorized Signatory

288 4th LLC

By:_____
Name: Chezkie Weisz
Title: Authorized Signatory

_____
Chezkie Weisz, Guarantor

_____
Shie Weisz, Guarantor

Escrow release instructions agreed to by
Bartfield and Knopfler PLLC

By: _Joseph Bartfield_____
Joseph Bartfield, Member

## ACKNOWLEDGEMENTS

STATE OF NEW YORK          )
                           )
COUNTY OF KINGS            ) ss.:

On the ___ day of November in the year 2022 before me, the undersigned, personally appeared Hosea Deitsch, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

_____
Notary Public

STATE OF NEW YORK          )
                           )
COUNTY OF KINGS            ) ss.:

On the 4th day of November in the year 2022 before me, the undersigned, personally appeared Chezkie Weisz, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

_____
Notary Public

[Notary Seal: Ariel S. Farkas, State of New York Notary Public, Qualified in Richmond County, 02FA6385785, My Commission Expires 01/22/2023]

**SELLERS' WIRE INSTRUCTIONS:**

Bank:               Cross River Bank
Bank Address:       2115 Linwood Avenue, Fort Lee, NJ 007024
Account Name:       Crown 286 4th Avenue LLC
Account Address:    478 Albany Avenue #88, Brooklyn, NY 11203
Routing Number:     ██████
Account Number:     ██████

**PURCHASER'S WIRE INSTRUCTIONS:**

Bank:
Bank Address:
Account Name:
Account Address:
Routing Number:
Account Number: