**COHEN TAUBER SPIEVACK & WAGNER P.C.**
Stephen Wagner, Esq.
420 Lexington Avenue, Suite 2400
New York, New York 10170
Tel.: (212) 586-5800
swagner@ctswlaw.com

*Counsel to Cohen Tauber Spievack & Wagner P.C. pro se*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------- X
: Case No. Chapter 11
In re: :
: Case No. 24-43626-ess
288 4TH LLC, :
: Hearing Date: December 30, 2024 at 11:00 a.m.
                Debtors. :
:
:
---------------------------------------- X
:
288 4TH LLC, :
:
:
                Plaintiff, :
: Adv. P. No. 24-01087
    v. :
:
:
:
HAIM KAHAN, COHEN TAUBER :
SPIEVACK & WAGNER P.C., and :
PROGRESSIVE REAL ESTATE :
AGENCY LLC, :
:
                Defendants. :
:
---------------------------------------- X

**COHEN TAUBER SPIEVACK & WAGNER P.C.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS WITH PREJUDICE THE AMENDED COMPLAINT FILED BY THE DEBTOR 288 4TH LLC**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ........................................... 3

ARGUMENT ............................................................................................................................. 6

I. Relevant Legal Standard ................................................................................................ 6

   A. Fed. R. Civ. P. 12(b)(6) ........................................................................................... 6

   B. Fed. R. Civ. P. 12(b)(1) ........................................................................................... 7

II. The Declaratory Judgment Claim Is Moot ................................................................... 7

III. The Fraudulent Conveyance Claim Is Fatally Flawed ................................................. 9

IV. The 11 U.S.C. § 542 (Automatic Stay) Claim Is Not Viable Against CTSW ............ 11

CONCLUSION ....................................................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*192 Morgan Realty, LLC v. Aquatorium, LLC*,
  No. 20CV3627RPKRML, 2022 WL 123567 (E.D.N.Y. Jan. 13, 2022) ................................7

*In re Ampal-Am. Israel Corp.*,
  502 B.R. 361 (Bankr. S.D.N.Y. 2013) ..........................................................................11

*In re Apollo H.V.A.C. Corp.*,
  No. 19-76981-AST, 2021 WL 3276649 (Bankr. E.D.N.Y. July 30, 2021) ............................10

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ....................................................................................................6

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ....................................................................................................6

*Brennan v. 3250 Rawlins Ave. Partners, LLC*,
  171 A.D.3d 603 (1st Dep't 2019) ................................................................................10

*In re Budig*,
  240 B.R. 397 (D. Kan. 1999) ......................................................................................13

*Carlyle, LLC v. Quik Park 1633 Garage LLC*,
  160 A.D.3d 476 (1st Dep't 2018) ................................................................................10

*In re Chateaugay Corp.*,
  920 F.2d 183 (2d Cir. 1990) .......................................................................................11

*In re Edwards*,
  222 B.R. 527, 528 (Bankr. E.D. Va. 1998) ...................................................................12

*In re Joe's Friendly Serv. & Son, Inc.*,
  553 B.R. 207 (Bankr. E.D.N.Y. 2016) ..........................................................................11

*Kahan v. Weisz et al.*,
  Index No. 519589/2024 ..............................................................................................3

*In re LaForte*,
  No. 14-42711-NHL, 2017 WL 1240198 (Bankr. E.D.N.Y. Mar. 30, 2017) .........................10

*In re Leiba*,
  529 B.R. 501 (Bankr. E.D.N.Y. 2015) ..........................................................................11

{00540804.DOCX; 3}

*Lu v. Hermans*,
 No. 24-CV-01023 (NSR), 2024 WL 4712353 (S.D.N.Y. Nov. 7, 2024) .................................7

*In re Merrill Lynch & Co., Inc.*,
 273 F. Supp. 2d 351 (S.D.N.Y. 2003), *aff'd sub nom. Lentell v. Merrill Lynch
 & Co., Inc.*, 396 F.3d 161 (2d Cir. 2005) ..........................................................................6

*Murray Engr. P.C. v. Remke*,
 No. 17 CIV. 6267 (KPF), 2018 WL 3773991 (S.D.N.Y. Aug. 9, 2018) ...........................9, 10

*Paradigm BioDevices, Inc.*,
 842 F. Supp. 2d 661 (S.D.N.Y. 2012) ..................................................................................9

*Rolon v. Henneman*,
 517 F.3d 140 (2d Cir. 2008) .................................................................................................6

*Scheiner v. ACT Inc.*,
 No. 10-CV-0096 RRM RER, 2013 WL 685445 (E.D.N.Y. Feb. 24, 2013) .......................7, 8

*Secs. Investor Protection Corp. v. Bernard L. Madoff Inv. Secs. LLC*,
 505 B.R. 135 (S.D.N.Y. 2013) .............................................................................................7

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
 551 U.S. 308 (2007) ..............................................................................................................6

*US Airways, Inc. v. Sabre Holdings Corp.*,
 No. 11 CIV. 2725 LGS, 2015 WL 5188812 (S.D.N.Y. Sept. 4, 2015) ..................................8

**Other Authorities**

11 U.S.C. § 542 ...............................................................................................................................11

Bankruptcy Code section 105(a) .....................................................................................................7

Bankruptcy Code § 362(k)(1) ........................................................................................................11

New York Debtor and Creditor Law § 273 .....................................................................................9

New York Debtor and Creditor Law § 276 ................................................................................9, 10

New York Debtor and Creditor Law § 276-a ......................................................................1, 2, 9, 10

Bankruptcy Code § 362 .................................................................................................................11

Cohen Tauber Spievack & Wagner P.C. ("CTSW"), a law firm appearing *pro se* in this matter, respectfully submits this memorandum of law in support of its motion, pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, as made applicable by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, to dismiss with prejudice the Amended Complaint 288 4th LLC (the "Debtor") filed against CTSW.

## PRELIMINARY STATEMENT

Relying on speculation, conjecture, and innuendo, the Debtor asserts that CTSW wrongfully transferred funds from its escrow account that purportedly belonged to the bankruptcy estate. What the Debtor skips past, downplays, or ignores, however, is that the only salient facts in this proceeding establish that CTSW complied with relevant court orders, as the funds were transferred to CTSW's escrow account pursuant to a *court order* and transferred from CTSW's escrow account pursuant to *court order* to defendant Progressive Real Estate Agency LLC ("Progressive").

The Amended Complaint purports to allege three claims for relief against CTSW: (i) a declaration that the $1.6 million that had been in CTSW's account pursuant to a court order belongs to the Debtor's estate; (ii) attorney's fees pursuant to New York Debtor and Creditor Law ("DCL") § 276-a; and (iii) monetary damages for CTSW's purported violation of the automatic stay. Each claim is fatally flawed and the Amended Complaint should be dismissed with prejudice as against CTSW for at least the following reasons:

*First*, the declaratory judgment claim fails because it simply has nothing do with CTSW. As the Amended Complaint acknowledges, the subject funds were transferred to and out of CTSW's escrow account pursuant to court orders. As such, CTSW has no possession over the

funds, rendering this claim moot as to CTSW.  Whether the $1.6 million is property of the Debtor's estate or Kahan is a dispute between the Debtor and Kahan, not CTSW.

*Second*, the claim pursuant to DCL § 276-a is deficient.  That statute provides for attorney's fees for prevailing parties in an underlying fraudulent conveyance claim.  Yet, there is no underlying, substantive DCL claim asserted against CTSW for which the Debtor could conceivably be entitled to attorney's fees.

*Third*, the claim that CTSW violated the automatic stay is ripe for dismissal because the Debtor—a limited liability company—lacks standing to assert such a claim (which can only be brought by *individuals*) and, in any event, the fact that the transfer was made pursuant to a court order precludes any determination that a purported violation of the automatic stay was "willful." Moreover, any purported violation of the automatic stay could not have been willful because there are serious disputes as to whether the Debtor has any rights to the funds at all.  Indeed, the state court action CTSW initially commenced on Kahan's behalf was premised, in part, on an agreement between Kahan and the Weisz family (who purportedly own the Debtor) to place the $1.6 million into escrow with Riverside Abstract ("Riverside") until it could be determined whether the funds were owned by either Kahan or Cheskie Weisz, with no mention whatsoever of the Debtor.

For these reasons, as set forth more fully below, the Amended Complaint should be dismissed as to CTSW in its entirety, with prejudice.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This adversary proceeding concerns a dispute between Kahan and the Weisz family concerning the ownership of $1.6 million in escrow funds. The Amended Complaint alleges that the "Debtor is 100% owned by Perl Weisz." (¶ 21.)[1]

CTSW represented Kahan in a Kings County action commenced against the Weiszs, captioned *Kahan v. Weisz et al.*, Index No. 519589/2024, seeking to compel arbitration to determine the ownership of the $1.6 million then held in escrow by Riverside.[2] (¶ 45.) Exhibit 2 to the Verified Petition in that proceeding shows that on November 4, 2022, Kahan and Cheskie Weisz agreed—without any reference to the Debtor whatsoever—that the $1.6 million would remain in escrow with Riverside until the two sides came to an agreement or a Beth Din decided ownership of the funds. (Wagner Decl. Ex. 2.) Both Kahan and Weisz confirmed this arrangement. (*Id.*; *see* ¶¶ 39-41.)

In connection with the Kings County case, Kahan sought an order transferring the funds from the escrow agent (Riverside) into the Kings County Supreme Court, but the court (Levine, J.) ordered that the funds be transferred to CTSW's attorney escrow account. (¶¶ 46-49) (A copy of the July 22, 2024 court order requiring CTSW to hold the $1.6 million in its escrow account is annexed as Exhibit 3 to the Wagner Decl.) Riverside then transferred the $1.6 million to CTSW's escrow account. (¶ 49.)

---

[1] Citations to "¶ __" refers to paragraphs in the Amended Complaint, annexed as Exhibit 1 to the Declaration of Stephen Wagner, dated November 15, 2024 ("Wagner Decl.").

[2] As indicated in exhibits annexed to the Amended Complaint, Kahan contended in the state court action that the escrow funds belong to him, given that he provided those funds for the relevant underlying transaction. (Am. Compl. Exs. A, F, G; *see* ¶ 35; Am. Compl. Ex. D))

While that action was subsequently marked "off calendar" (¶ 51), Judge Levine never entered any subsequent order directing or permitting CTSW to release the escrow funds (and, as such, the $1.6 million remained in CTSW's escrow account).

On August 30, 2024, Kahan, having retained new counsel, commenced an action against CTSW seeking recovery of the $1.6 million held in CTSW's escrow account. The Kings County Supreme Court (Edwards, J.) granted Kahan's motion for injunctive relief and ruled that "CTSW *shall* release the $1.6 million it is holding in escrow to a bank account held by Plaintiff." (Am. Compl. Ex. F (emphasis added).)

Following the Weiszs' submission of a motion to vacate the order to show cause signed by Justice Edwards, Kahan discontinued the second action and re-filed the case against CTSW, adding the Weiszs as defendants. (¶¶ 62, 64.)

The Debtor—who was not a party to any of the state court actions—filed for protection under chapter 11 of title 11 on September 2, 2024.[3] (¶ 60.)

On September 3, 2024, the Kings County Supreme Court (Ottley, J.) entered an order directing that

> pending the hearing of this motion the monies which are currently being held in the escrow by CTSW pursuant to the Order of the Hon. Katherine A. Levine, attached, NYSCEF doc. No.16 entered in the underlying action (Underlying Action Order) shall be ***immediately*** transferred by CTSW to the escrow account of Progressive Real Estate Agency LLP, 111 Clifton Avenue, Lakewood, New Jersey 08701 by wire transfer (account ending in 2502) Attn: Mr. Rubin.

(Am. Compl. Ex. G (emphasis added).)

---

[3] As indicated in Kahan's filings in this proceeding, he contends that he is a part owner of the Debtor and that he did not authorize the bankruptcy filing. (*See, e.g.*, ECF Doc. 18 at 2 n.1)

Tellingly, the Debtor studiously avoids Justice Ottley's order and references it only in passing, without noting that it directed CTSW "immediately" to transfer the funds out of its escrow account.

On September 4, 2024, the day *after* the court had ordered the funds transferred ***immediately***, Justice Ottley entered a subsequent order which acknowledged that the $1.6 million likely had already been transferred pursuant to her own prior order and provided that, pending the hearing, "all interim relief granted[] be hereby stayed, including the use of any of the $1.6 million dollars [sic] transferred and/or previously held by defendant, Cohen Tauber Spievack & Wagner, P.C." (Am. Compl. Ex. H)

The Debtor commenced this adversary proceeding on September 4, 2024. (¶ 68.)

On September 5, 2024, this Court entered an order directing the parties to "preserve the status quo with respect to the use of the funds at issue." (¶ 69; Am. Compl. Ex. I.)

The Amended Complaint alleges that, upon information and belief, "CTSW transferred the $1.6 million out of its escrow account via an ACH transfer." (¶ 70) By placing this allegation chronologically after the September 4th and September 5th orders (which directed the preservation of funds), the Debtor coyly insinuates that CTSW violated one or both orders. Yet, as the Debtor is well-aware from filings in this very proceeding, the transfer (in compliance with the September 3rd order) was initiated the morning of September 4th, while Justice Ottley's subsequent order was issued hours later, at or around 5:00 p.m. on September 4th. (ECF Doc. 11.)

Indeed, the Court's September 5th order was entered following its review of "the letter from counsel to the Plaintiff, dated September 4, 2024, at ECF No. 5." That letter stated, among other things, that the Debtor's counsel "just learned" (*i.e.*, on September 4th) "that Defendant Cohen Tauber wired the monies out of its escrow account." (ECF Doc. 5) In other words, the Debtor

5

{00540804.DOCX; 3}

was aware that the subject funds had left CTSW's escrow account prior to the entry of this Court's order.

In any event, there is no dispute that CTSW has no possession of, or custody or control over, the $1.6 million.

Against this backdrop, CTSW seeks dismissal of the claims asserted against it in the Amended Complaint.

## **ARGUMENT**

### *I.     Relevant Legal Standard*

A. Fed. R. Civ. P. 12(b)(6)

A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face when the facts alleged show "more than a sheer possibility that a defendant has acted unlawfully." *Id*.  Sufficient facts must be pleaded to push the claims from merely conceivable to plausible. *Twombly*, 550 U.S. at 570.  On a 12(b)(6) motion (made applicable to this proceeding by Fed. R. Bankr. P. 7012(b)), the Court need not accept conclusions unsupported by the facts alleged, legal conclusions, bald assertions, or unwarranted inferences. *Iqbal*, 556 U.S. at 678, 680-81; *Twombly*, 550 U.S. at 555-56; *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008).

The Court may consider "documents incorporated into the complaint by reference" and "matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007).  The Court may also consider "documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, [and] documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint." *In re Merrill Lynch & Co., Inc.*, 273 F. Supp.

2d 351, 356–57 (S.D.N.Y. 2003), *aff'd sub nom. Lentell v. Merrill Lynch & Co., Inc.*, 396 F.3d 161 (2d Cir. 2005); *accord Lu v. Hermans*, No. 24-CV-01023 (NSR), 2024 WL 4712353, at *3 (S.D.N.Y. Nov. 7, 2024) ("courts are also entitled to consider documents attached to the complaint or incorporated in it by reference—i.e., documents 'integral' to the complaint and that the complaint relied upon in bringing the suit."). "[A]llegations contradicted by documents incorporated into the pleadings by reference need not be accepted as true." *Secs. Investor Protection Corp. v. Bernard L. Madoff Inv. Secs. LLC*, 505 B.R. 135, 141 (S.D.N.Y. 2013).

B. Fed. R. Civ. P. 12(b)(1)

Motions to dismiss declaratory judgment claims as moot are governed by Fed. R. Civ. P. 12(b)(1). *See, e.g.*, *Scheiner v. ACT Inc.*, No. 10-CV-0096 RRM RER, 2013 WL 685445, at *2 (E.D.N.Y. Feb. 24, 2013). Unlike a motion brought pursuant to Fed. R. 12(b)(6), "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court ... may refer to evidence outside the pleadings." *192 Morgan Realty, LLC v. Aquatorium, LLC*, No. 20CV3627RPKRML, 2022 WL 123567, at *3 (E.D.N.Y. Jan. 13, 2022). And, under either rule, "the court may take judicial notice of documents in the public record, including state court filings." *Id.*

## II. *The Declaratory Judgment Claim Is Moot*

The declaratory judgment claim, asserted against all defendants, seeks "an order pursuant to section 105(a) of the Bankruptcy Code declaring that the $1.6 million at issue is property of the Debtor's estate." (¶ 80.)

This claim is entirely moot against CTSW and should be dismissed with prejudice. The Amended Complaint clearly and unequivocally alleges that CTSW is no longer in possession, custody, or control of the subject escrow funds, as such monies were transferred from its account (pursuant to a court order). Because CTSW does not have possession those funds—and the

7

{00540804.DOCX; 3}

2d 351, 356–57 (S.D.N.Y. 2003), *aff'd sub nom. Lentell v. Merrill Lynch & Co., Inc.*, 396 F.3d 161 (2d Cir. 2005); *accord Lu v. Hermans*, No. 24-CV-01023 (NSR), 2024 WL 4712353, at *3 (S.D.N.Y. Nov. 7, 2024) ("courts are also entitled to consider documents attached to the complaint or incorporated in it by reference—i.e., documents 'integral' to the complaint and that the complaint relied upon in bringing the suit."). "[A]llegations contradicted by documents incorporated into the pleadings by reference need not be accepted as true." *Secs. Investor Protection Corp. v. Bernard L. Madoff Inv. Secs. LLC*, 505 B.R. 135, 141 (S.D.N.Y. 2013).

B. Fed. R. Civ. P. 12(b)(1)

Motions to dismiss declaratory judgment claims as moot are governed by Fed. R. Civ. P. 12(b)(1). *See, e.g.*, *Scheiner v. ACT Inc.*, No. 10-CV-0096 RRM RER, 2013 WL 685445, at *2 (E.D.N.Y. Feb. 24, 2013). Unlike a motion brought pursuant to Fed. R. 12(b)(6), "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court ... may refer to evidence outside the pleadings." *192 Morgan Realty, LLC v. Aquatorium, LLC*, No. 20CV3627RPKRML, 2022 WL 123567, at *3 (E.D.N.Y. Jan. 13, 2022). And, under either rule, "the court may take judicial notice of documents in the public record, including state court filings." *Id.*

## II. *The Declaratory Judgment Claim Is Moot*

The declaratory judgment claim, asserted against all defendants, seeks "an order pursuant to section 105(a) of the Bankruptcy Code declaring that the $1.6 million at issue is property of the Debtor's estate." (¶ 80.)

This claim is entirely moot against CTSW and should be dismissed with prejudice. The Amended Complaint clearly and unequivocally alleges that CTSW is no longer in possession, custody, or control of the subject escrow funds, as such monies were transferred from its account (pursuant to a court order). Because CTSW does not have possession those funds—and the

2d 351, 356–57 (S.D.N.Y. 2003), *aff'd sub nom. Lentell v. Merrill Lynch & Co., Inc.*, 396 F.3d 161 (2d Cir. 2005); *accord Lu v. Hermans*, No. 24-CV-01023 (NSR), 2024 WL 4712353, at *3 (S.D.N.Y. Nov. 7, 2024) ("courts are also entitled to consider documents attached to the complaint or incorporated in it by reference—i.e., documents 'integral' to the complaint and that the complaint relied upon in bringing the suit."). "[A]llegations contradicted by documents incorporated into the pleadings by reference need not be accepted as true." *Secs. Investor Protection Corp. v. Bernard L. Madoff Inv. Secs. LLC*, 505 B.R. 135, 141 (S.D.N.Y. 2013).

B. Fed. R. Civ. P. 12(b)(1)

Motions to dismiss declaratory judgment claims as moot are governed by Fed. R. Civ. P. 12(b)(1). *See, e.g.*, *Scheiner v. ACT Inc.*, No. 10-CV-0096 RRM RER, 2013 WL 685445, at *2 (E.D.N.Y. Feb. 24, 2013). Unlike a motion brought pursuant to Fed. R. 12(b)(6), "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court ... may refer to evidence outside the pleadings." *192 Morgan Realty, LLC v. Aquatorium, LLC*, No. 20CV3627RPKRML, 2022 WL 123567, at *3 (E.D.N.Y. Jan. 13, 2022). And, under either rule, "the court may take judicial notice of documents in the public record, including state court filings." *Id.*

## II. *The Declaratory Judgment Claim Is Moot*

The declaratory judgment claim, asserted against all defendants, seeks "an order pursuant to section 105(a) of the Bankruptcy Code declaring that the $1.6 million at issue is property of the Debtor's estate." (¶ 80.)

This claim is entirely moot against CTSW and should be dismissed with prejudice. The Amended Complaint clearly and unequivocally alleges that CTSW is no longer in possession, custody, or control of the subject escrow funds, as such monies were transferred from its account (pursuant to a court order). Because CTSW does not have possession those funds—and the

Amended Complaint does not allege CTSW has, or has asserted, any claim or right to those escrow funds—the declaratory judgment claim is entirely irrelevant to CTSW.

Indeed, whether the $1.6 million belongs to the Debtor or Kahan is a dispute between the Debtor and Kahan alone, not CTSW. As such, a declaration as to the Debtor's rights in the $1.6 million has no bearing whatsoever on CTSW and will afford the Debtor no relief against CTSW. *See, e.g.*, *US Airways, Inc. v. Sabre Holdings Corp.*, No. 11 CIV. 2725 LGS, 2015 WL 5188812, at *4 (S.D.N.Y. Sept. 4, 2015) (dismissing claim because "[t]he declaratory judgment sought by U.S. Airways relates to past actions that will not impact the legal relations or rights of the parties. . . . As U.S. Airways' claim for declaratory relief is not based on a live case or controversy and will not impact the parties' legal relationship, it is moot.").

The Debtor contends that a declaratory judgment is warranted because CTSW allegedly has "already demonstrated willingness to disregard this Court's Chapter 11 Adversary Stay Order as well as the State Court Stay Order" (¶ 82), but this (plainly false) contention is unavailing. For one thing, as noted above, CTSW did not violate either court order. As the Debtor is aware, the $1.6 million was transferred out of CTSW's escrow account pursuant to the September 3rd court order *before* the "Stay Orders" were entered. And, as noted, CTSW is no longer in possession of the $1.6 million and there is no possibility of any future transfers that could conceivably save this claim from dismissal as moot. *Scheiner*, 2013 WL 685445, at *2 (dismissing declaratory judgment claim on mootness grounds and holding that mootness occurs where "there is no reasonable expectation that the alleged violation will recur. Mootness is a jurisdictional defect and deprives a court of the authority to adjudicate a case") (cleaned up).

Consequently, this claim should be dismissed as moot, pursuant to Fed. R. Civ. P. 12(b)(1).

### III. The Fraudulent Conveyance Claim Is Fatally Flawed

Relying on DCL § 276-a, the Debtor seeks the "attorney's fees and expenses it incurs in connection with this action" because it contends that, "[o]n information and believe [sic], the $1.6 million transfer from Defendant Cohen Tauber to Defendants Kahan and / or Progressive were made with the actual intent to hinder, delay, or defraud the present or future creditors of the Debtor." (¶ 99.)

While the Amended Complaint purports to allege various substantive fraudulent conveyance claims against Kahan and Progressive, the sole fraudulent conveyance claim asserted against CTSW is pursuant to DCL § 276-a.[4] Unlike the other substantive DCL sections relied on in the Amended Complaint (*i.e.*, DCL §§ 273, 276), Section 276-a provides only that a judgment creditor who prevails on an underlying fraudulent conveyance claim is entitled to attorneys' fees from the person "against whom relief is ordered, in addition to the other relief granted by the judgment."

However, because the Debtor does not—and cannot[5]—assert an actual fraudulent conveyance claim against CTSW (and thus, there can be no relief ordered against CTSW on such a claim), the claim for attorneys' fees under Section 276-a necessarily fails as against CTSW.

In any event, the conclusory allegation that CTSW had an "actual intent" to "defraud the present or future creditors of the Debtor" (¶ 99) is belied by the fact that (i) CTSW requested that the subject funds be deposited in the Kings County Supreme Court, not in CTSW's own account;

---

[4] The heightened pleading standards of Fed. R. Civ. P. 9(b) "applies to state-law claims for intentional fraudulent conveyance under DCL § 276." *Murray Engr. P.C. v. Remke*, No. 17 CIV. 6267 (KPF), 2018 WL 3773991, at *15 (S.D.N.Y. Aug. 9, 2018).

[5] "Under New York law a fraudulent conveyance claim is actionable only against the transferee." *Paradigm BioDevices, Inc.*, 842 F. Supp. 2d 661, 667 (S.D.N.Y. 2012). This claim alleges that CTSW is the transferor.

9

(ii) the transfer was made pursuant to a *court order* directing the immediate transfer of the $1.6 million held in CTSW's escrow account; and (iii) there are no non-conclusory allegations that CTSW was even aware of the Debtor's present or future creditors, let alone intended to defraud them.

As such, the Debtor's own pleading demonstrates that CTSW lacked the "actual intent" necessary to sustain a fraudulent conveyance claim. *See In re Apollo H.V.A.C. Corp.*, No. 19-76981-AST, 2021 WL 3276649, at *5 (Bankr. E.D.N.Y. July 30, 2021) (dismissing Section 276 and 276-a claims because "the Trustee only makes conclusory allegations, and does not assert any specific facts to suggest how or why Debtor or Defendants acted with any actual intent to hinder, delay, or defraud present or future creditors"); *cf. In re LaForte*, No. 14-42711-NHL, 2017 WL 1240198, at *9–10 (Bankr. E.D.N.Y. Mar. 30, 2017) ("for the purpose of awarding attorney's fees [under DCL § 276–a], the Court may not infer the Defendant's intent from circumstantial evidence, but must be able to make a finding with respect to the Defendant's actual knowledge of the circumstances that made the conveyance fraudulent.") (cleaned up).

But even putting that aside, the claim is deficient because it is premised on a single, conclusory allegation, made upon information and belief. *See, e.g.*, *Murray Engr. P.C. v. Remke*, *supra* at *15 (dismissing DCL § 276 claim because it was asserted upon "information and belief"); *Brennan v. 3250 Rawlins Ave. Partners, LLC*, 171 A.D.3d 603, 604 (1st Dep't 2019) (fraud claims premised on DCL §§ 276 and 276-a cannot be made upon "information and belief"); *Carlyle, LLC v. Quik Park 1633 Garage LLC*, 160 A.D.3d 476, 477 (1st Dep't 2018) (same).[6]

---

[6] The Section 276-a claim also fails to the extent that the Court determines that the Debtor has not sufficiently alleged an underlying fraudulent transfer claim. *In re Apollo H.V.A.C. Corp.*, 2021 WL 3276649, at *5 ("[W]here dismissal of a NYDCL Section 276 claim is warranted, a NYDCL Section 276-a attorney's fees claim must also be dismissed. By its terms, DCL § 276-a is derivative of an actual fraudulent transfer claim under DCL § 276 hence, it stands or falls with the disposition of that claim.").

**IV.     The 11 U.S.C. § 542 (Automatic Stay) Claim Is Not Viable Against CTSW**

Finally, the Debtor alleges that CTSW violated the automatic stay by virtue of the transfer of the $1.6 million held in escrow and seeks monetary damages as a consequence thereof. (¶¶ 107-110; *see* Am. Compl. p. 18.)  It is well-settled that a party asserting a claim for damages for violation of the automatic stay must allege "(1) that a bankruptcy petition was filed, (2) that the debtor is an individual, (3) that the creditor received notice of the petition, (4) that the creditor's actions were in willful violation of the stay, and (5) that the debtor suffered damages." *In re Leiba*, 529 B.R. 501, 506 (Bankr. E.D.N.Y. 2015).

This claim fails for several reasons. *First*, as a threshold matter, the Bankruptcy Code is clear that only *individuals* are permitted to assert claims for damages based on a violation of the automatic stay. *See, e.g.*, *In re Chateaugay Corp.*, 920 F.2d 183, 186 (2d Cir. 1990) (damages for violating automatic stay are available only to individuals); *In re Ampal-Am. Israel Corp.*, 502 B.R. 361, 370 (Bankr. S.D.N.Y. 2013) ("Bankruptcy Code § 362(k)(1) (formerly § 362(h)) confers a private right to sue for damages on behalf of an *individual* injured by a willful violation of the automatic stay.") (emphasis in original).  Because the Debtor is a limited liability company—and not an "individual"—it lacks standing to assert this claim. *In re Joe's Friendly Serv. & Son, Inc.*, 553 B.R. 207, 216 (Bankr. E.D.N.Y. 2016) (The Defendants correctly point out that because the Trustee is not acting in an individual capacity but represents the Debtor corporations, he may not seek relief under § 362(k). Section 362(k) applies solely to individuals, and does not extend to entities like the Debtors, which are a limited partnership and a corporation.").

*Second*, even assuming the Debtor had the requisite standing (and it does not), this claim fails because the Amended Complaint effectively concedes—even assuming *arguendo* that the funds are part of the bankruptcy estate, and the transfer violated the automatic stay—that any such violation was not "willful."  As shown in the Amended Complaint and the exhibits thereto, CTSW

11

transferred the funds from its escrow account *because it was ordered to do so by court order. See, e.g.*, *In re Edwards*, 222 B.R. 527, 528 (Bankr. E.D. Va. 1998) (a post-petition foreclosure sale made pursuant to a court order in a prior bankruptcy proceeding was not a willful violation of the automatic stay, regardless of the enforceability of that prior order). Indeed, as noted in the initial iteration of the Complaint, the Debtor alleged that CTSW transferred the funds as a result of the court order and because it was concerned that, if it did not do so, it would be held in contempt. (ECF Dkt. No. 4, ¶ 30 (acknowledging that CTSW was "concerned that if it does not turn over the monies it will be subject to contempt").) Because any transfer was made in response to, and in compliance with, a lawful court order directing CTSW to "immediately" transfer the funds, there can be no "willful" violation of the automatic stay.

*Third*, as the procedural history, factual allegations, and exhibits to the Amended Complaint make plain, it is far from clear whether the funds are part of the bankruptcy estate at all. Indeed, the dispute over the funds' ownership is at the heart of the underlying proceedings. As noted above, the $1.6 million Kahan and Weisz agreed that the refunded funds should be placed into escrow with Riverside until it could be determined which of *them* rightfully owned the funds; the Debtor was not referenced in that correspondence and up until the time the Debtor filed for bankruptcy, it appeared that the dispute concerned only Kahan and Weisz. (Wagner Decl. Ex. 2.)

Yet, the Debtor's claim hinges upon its contention that a Termination Agreement establishes the Debtor's rights to the $1.6 million (¶¶ 42-43), notwithstanding the on-going dispute as to the funds' rightful ownership, including that (i) Kahan provided the $1.6 million for the underlying transaction at issue (Am. Compl. Exs. A, D); (ii) the funds were originally put into escrow with Riverside on account of a dispute as to whether the funds rightfully belonged to the Weisz parties or Kahan (Wagner Decl. Ex. 2; ¶¶ 40-41); (iii) Kahan commenced an action (through

CTSW) to compel the Weisz parties to attend an arbitration to determine the ownership of the funds[7] (¶ 45); and (iv) Kahan contends that he holds a majority of the ownership of the Debtor (and did not consent to the filing of the bankruptcy petition) (ECF Doc. 18 at 2 n.1).

Considering the stark dispute as to the ownership of the funds, the allegations in the Amended Complaint, and attachments thereto, there is more than ample support for CTSW's good faith belief that the funds were not a part of the bankruptcy estate and, accordingly, could not have willfully violated the automatic stay. *Cf. In re Budig*, 240 B.R. 397, 401 (D. Kan. 1999) ("Because the debtors did not know the money belonged to Via Christi, they could not have had the necessary intent to cause willful injury.").

## CONCLUSION

For the foregoing reasons, CTSW's motion should be granted in its entirety and this proceeding dismissed with prejudice as against CTSW, together with such other and further relief as the Court deems just and proper.

Dated: November 18, 2024

        COHEN TAUBER SPIEVACK & WAGNER P.C.

        By: /s/ Stephen Wagner
           Stephen Wagner
           420 Lexington Avenue, Suite 2400
           New York, New York 10170
           Tel.: 212-586-5800
           swagner@ctswlaw.com

           *Pro Se* Defendant

---

[7] As noted, the Debtor was not a party to the state court proceedings referenced in the Amended Complaint.