**SHIRYAK, BOWMAN, ANDERSON, GILL & KADOCHNIKOV, LLP**
Btzalel Hirschhorn, Esq.
8002 Kew Gardens, Suite 600
Kew Gardens, NY 11415
Tel: (718) 263-6800
Fax: (718) 520-9401
Email: Bhirschhorn@sbagk.com

*Counsel to the Debtor*
*and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------------------X  Chapter 11

In re:  Case No. 24-43626

288 4TH LLC,

        Debtor,

----------------------------------------------------------------X  Adv. Proc. #: **24-01087-ess**

288 4th LLC,

        Plaintiff,

                                **NOTICE OF MOTION TO**
                                **DISMISS AMENDED**
        - against -                      **COMPLAINT**

HAIM KAHAN, COHEN, TAUBER,
SPIEVACK & WAGNER, P.C., and
PROGRESSIVE REAL ESTATE
AGENCY, LLC

        Debtor-Defendant
----------------------------------------------------------------X

      **PLEASE TAKE NOTICE** that upon the application dated November 18, 2024 (the "Application"), Defendant Chaim Kahan ("Kahan"), by his attorneys, Shiryak, Bowman,

1

Anderson, Gill & Kadochnikov, LLP, shall move before the Honorable Elizabeth S. Stong, United States Bankruptcy Judge, in the Courtroom located at the United States Bankruptcy Court for the Eastern District of New York, located at 271C Cadman Plaza East, Courtroom **3585 on January 15, 2025, at 12:30 pm,** or as soon thereafter as counsel may be heard, for entry of an order (a) pursuant to 28 U.S.C. §1334 and 1452, and Rule 9027 of the Federal Rules of Bankruptcy Procedure remanding the instant proceeding to Kings Supreme Court; and (b) for such other and further relief as this Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE**, that all hearings before Judge Stong will be conducted either by telephone, video or in person, as the Court deems appropriate. For remote hearings, whether telephonic or video, it is not necessary to contact the Courtroom Deputy to request prior authorization to appear remotely.

Whether the hearing is in person or remote, please use eCourt Appearances to register to appear at a hearing. To register, please provide your name, address, e-mail address, telephone number on the hearing date, and the party that you represent, if applicable. Please be sure to register at least two business days before your hearing. For remote hearings, you will receive instructions on how to access the hearing via e-mail two business days before the hearing. On your hearing date, please connect at least ten minutes before your scheduled hearing time and keep your audio and video on mute until your case is called.

If you have a CM/ECF account, you may access eCourt Appearances in the "Utilities" menu after logging into CM/ECF. Alternatively, you may access eCourt Appearances on the Court's website at https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl. In the event that you are not able to register online, you may call or email Judge Stong's courtroom deputy for

instructions at (347) 394-1864, ess_hearings@nyeb.uscourts.gov, at least two (2) business days prior to the hearing date.

Additional information about eCourt Appearances, including a tutorial on how to use the program, is available at [https://www.nyeb.uscourts.gov/registering-remote-hearing-appearanceusing-ecourt-appearances](https://www.nyeb.uscourts.gov/registering-remote-hearing-appearanceusing-ecourt-appearances). For more information, please see [https://www.nyeb.uscourts.gov/content/judge-elizabeth-s-stong](https://www.nyeb.uscourts.gov/content/judge-elizabeth-s-stong).

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the relief herein requested shall be in writing, shall state with particularity the grounds for the objection, shall be filed with the Clerk of the Bankruptcy Court and served upon the undersigned counsel for the Applicant by 5:00 p.m. seven days prior to the return date and upon any other person whose interests would be affected if the objection is sustained.

**PLEASE TAKE FURTHER NOTICE**, that the Hearing may be adjourned from time to time without further notice other than the announcement of such adjournment in open Court.

**PLEASE TAKE FURTHER NOTICE**, that you need not appear at the Hearing if you do not object to the relief requested in the Motion.

Dated: Kew Gardens, New York
November 19, 2024

/s/ Btzalel Hirschhorn, Esq_____
Btzalel Hirschhorn, Esq.
SHIRYAK, BOWMAN, ANDERSON, GILL & KADOCHNIKOV, LLP
80-02 Kew Gardens, Rd. Ste. 600
Kew Gardens, NY 11415
718-263-6800
Counsel for Defendant Chaim Kahan

Notice to:

All Parties listed on the Affidavit of Service

**SHIRYAK, BOWMAN, ANDERSON, GILL & KADOCHNIKOV, LLP**
Btzalel Hirschhorn, Esq.
8002 Kew Gardens, Suite 600
Kew Gardens, NY 11415
Tel: (718) 263-6800
Fax: (718) 520-9401
Email: Bhirschhorn@sbagk.com

*Counsel to the Debtor*
*and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X   Chapter 11

In re:                                                                                      Case No. 24-43626

288 4TH LLC,

        Debtor,

---------------------------------------------------------------X   Adv. Proc. #: **24-01089-ess**
288 4th LLC,

        Plaintiff,

                                      **MEMORANDUM OF LAW IN**
                                      **SUPPORT OF MOTION TO**
                                      **DISMISS AMENDED**
                                      **COMPLAINT**

    - against -

HAIM KAHAN, COHEN, TAUBER, SPIEVACK & WAGNER, P.C.,
YECHESKEL WEISZ, & SHIA WEISZ

        Debtor-Defendant
---------------------------------------------------------------X

    **Btzalel Hirschhorn, Esq.,** an attorney duly licensed to practice law before the Courts of this State and before the Courts of the Eastern District of New York, respectfully submits this memorandum of law motion in support of Defendant Haim Kahan's Motion to Dismiss the above styled amended adversary complaint pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure, made applicable to bankruptcy proceedings via Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, and for other and further relief as this Court deems just.

## PRELIMINARY STATEMENT

1. The Debtor's amended complaint suffers from the same defects as its original pleading. The amended complaint seeks essentially the same relief requested in its Order to Show Cause and supporting Memorandum [Doc. No. 2]. The Debtor attempts to remedy its defects by throwing in new causes of action under NYDCL § 273 and § 276 and 11 U.S.C. §362. However the Debtor's throw everything at the wall and see what sticks tactic is misguided at best.

2. The Debtor also conveniently and suddenly removes the Weisz Parties as Defendants even though the dispute over ownership of the funds has always been between Kahan and the Weisz Parties.

3. Further, the opposition to the Debtor's order to show cause which was filed by Defendant Kahan details in sum, that the Debtor's application must be denied as it is both moot and barred by the *Rooker Feldman* doctrine. [Doc. No. 12]. Kahan submits that both reasons apply to dismiss this entire proceeding. Kahan incorporates the arguments as laid out in his opposition as if set forth in full herein.

4. Finally, Debtor attempts to use 11 U.S.C. §§541 & 542 as the alleged authority for having this Court compel the turnover of $1.6 million. However, §542 will only come into play if the funds in dispute are indeed estate property. If they are not estate property, §542 has no relevance. On the issue of estate property, there is current and ongoing litigation in state court amongst the *members* of the alleged Debtor as to who has the right to these funds. However, it should be noted, that despite there being three separate litigations in Kings County in which the

Weisz parties have appeared and claimed to be members of the Debtor, the Debtor itself was never a named party and there was never a claim by the Weisz Parties that the funds belonged to the Debtor and not the individuals. Regardless, one way or another, the State Court will adjudicate who has the rights to these funds.

## JURISDICTION

5. This Court has subject matter jurisdiction to consider and determine this Application pursuant to 28 U.S.C. §1334. This is not a core proceeding pursuant to 28 U.S.C. §157(b) as the estate has no interest in the property in dispute. Venue is proper before this Court pursuant to 28 U.S.C. §1408.

## FACTUAL & PROCEDURAL BACKGROUND

6. The factual and procedural background of this case is laid out in detail in Kahan's Motion to Dismiss the main bankruptcy proceeding and is adopted herein. [See Bankr. Doc. No. 10]. The Debtor attempts to assert new factual allegations which are largely the same as argued by the Debtor in its opposition to Kahan's motion to dismiss the main bankruptcy. [See Bankr. Doc. No. 17]. The new factual allegations are irrelevant as they center on other alleged transactions between Kahan and the Weisz Parties.

## ARGUMENT

### i. *The Complaint is Barred by Rooker Feldman*

7. Rule 7012(b) of the Federal Rules of Bankruptcy Procedure incorporates Rule 12(b) of the Federal Rules of Civil Procedure. Rule 12(b)(6) in turn provides in pertinent part: "[A] party may assert the following defenses by motion . . . failure to state a claim upon which relief can be granted."

8. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, (2009).

9. For the *Rooker-Feldman* doctrine to apply Plaintiff: (1) "must have lost in state court"; (2) "must complain of injuries caused by a state-court judgment"; (3) "must invite district court review and rejection of that judgment"; and (4) "the state-court judgment must have been rendered before the district court proceedings commenced." <u>ROSITA SINGH, Plaintiff, v. U.S. BANK, Defendant.</u>, No. 24-CV-3556 (HG), 2024 WL 4145745, at *3 (E.D.N.Y. Sept. 11, 2024).

10. Here, as detailed in Defendant Kahan's opposition, all four elements are present. (1) The Plaintiff was the party 'aggrieved' by the State Court Order due to the fact that the down payment was not awarded to it and instead was directed to be released to non-party Progressive.[1] (2) The Debtor is complaining of the injuries caused by the State Court judgment. The Debtor complains that the State Court order was 'inconsistent' and without this Court's intervention it will not be able to recover these funds. The release of the funds was a direct result of Judge Ottley's first order. It is Judge Ottley's order that the Debtor is complaining has caused it harm. (3) The Debtor has directly requested this Court's intervention. *See* Horn Memo. ¶5, [Doc. No. 2]. (4) This action was commenced on September 4, 2024. Judge Ottley's order was issued on September 3, 2024. Thus, the State Court judgment was rendered prior to the commencement of this action. Accordingly, this final element is met as well.

11. In sum, even if all of Plaintiff's allegation were presumed as true, it still would not matter; this entire action is barred by *Rooker Feldman*. As such, on these grounds alone the complaint must be dismissed in its entirety.

---

[1] It should be noted that Plaintiff was not actually the 'loser' in State Court. The 'loser' was the Weisz Parties. This shows the entire confusing nature of this action. The Debtor claims to be the party 'aggrieved' by the State Court Order but the Debtor was not even a party to that action.

## ii. *Count One of the Amended Complaint is Moot*

12. Count One of the Debtor's complaint requests the Court issue the following relief: "*directing Defendant Haim Kahan to immediately cease and desist from any and all action to obtain possession of the $1.6 million.*" See ¶ 74.

13. As discussed in Defendant Kahan's opposition, pursuant to Judge Ottley's order, Cohen Tauber Spievack & Wagner PC, ("CTSW") already released the funds to Progressive. Since CTSW already released the funds pursuant to a Court order, it is too late to enjoin an action that has already occurred. In short, the acts the Debtor seeks to enjoin have already taken place pursuant to court order. The funds have been released to non-party Progressive. This Court has already issued a separate order to preserve the status quo which has been complied with by Kahan. Kahan has not taken any action to obtain possession of funds that were already sent to Progressive. The Debtor is thus asking the Court to direct Kahan to cease and desist from activity that Kahan has not undertaken. Finally, the Debtor requests that this Court grant the relief it seeks under section 105(a) of the Bankruptcy Code.

14. However, as the Second Circuit has recognized and the Supreme Court has affirmed, "§ 105(a) alone serves only to carry out authorities expressly conferred elsewhere in the code. Harrington v. Purdue Pharma L. P., 144 S. Ct. 2071, 2082, (2024). Thus, as the Debtor has failed to cite any other substantive provision of the Bankruptcy Code that would entitle it to this relief, this count must be dismissed.

## iii. *Count Two Must be Dismissed as the Funds are not Estate Property*

15. 11 U.S.C. §541(a) defines estate property as "all legal or equitable interests of the debtor in property as of the commencement of the case." Here, again, the funds are the subject of an active and ongoing litigation in Kings County Supreme Court. Not only is the Debtor not a

party to that action, the entity to whom the funds were released to (i.e. Progressive), is likewise not a party.

16. Kahan has specifically disputed the notion that these funds belong to anyone except for him. Kahan disputes that the funds belong to the Weisz Parties and certainly disputes the notion that the funds belong to a corporate entity that is allegedly solely owned by Perl Weisz who is somehow connected with the Weisz Parties. As of the date herein, there has been no adjudication from the State Court finding that the funds belong to either the Debtor or to the Weisz Parties. The most favorable interpretation is that ownership of the funds is disputed. Therefore, until there is a merits-based adjudication finding that the funds belong to the Debtor, AND that Perl Weisz is indeed the sole member of the Debtor, the funds at issue cannot be said to be estate property.

17. The multitude of pleadings Kahan has been forced to file in this proceeding to defend his rights have laid out in precise detail the history of this case, the contradictory statements of the Debtor and the Weisz's, and have rebutted the conclusory allegations that the funds somehow do not belong to Kahan.

18. Additionally, in count two of the Debtor's amended complaint, the Debtor's sole asserted statutory basis for this cause of action is Section 105(a). As stated above, 105(a) must be tied with another substantive provision of the Bankruptcy Code. Harrington, 144 S. Ct. at 2082. Accordingly, as the Debtor fails to cite to any substantive provision of the Bankruptcy Code that would give it the relief it seeks this claim must likewise be dismissed.

   iii. *Count Three Fails to Plead a Claim*

19. In Count three the Debtor somehow attempts to assert a claim for conversion against Kahan (and Progressive).

20. "A conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession." Rojas v. Roche, 83 Misc. 3d 1261(A), 215 N.Y.S.3d 299 (N.Y. Sup. Ct. 2024) (internal citations omitted).

21. "The key elements of conversion are 1) the plaintiff's possessory right or interest in the property and 2) the defendant's dominion over the property or interference with it (*id.* at 50)." Id. "It is well settled that an action will lie for the conversion of money where there is a specific, identifiable fund and an obligation to return or otherwise treat in a particular manner the specific fund in question." Id.

22. Here, on its face the conversion claim fails. As discussed again and again throughout this proceeding, the funds were released *pursuant to a Court Order from the Hon. Lisa S. Ottley, J.S.C.* Moreover, conversion requires the property be taken *without authority*. Here the funds were released pursuant to a court order. Thus, on its face, the claim that the funds were somehow 'taken without authority' obviously fails.

23. Finally, the most charitable interpretation of the status of the funds is that they are disputed. The Debtor has never before asserted any right or interest in the funds and certainly has never established any rights to it nor has any court ever recognized Debtor's rights or interests in these funds. As such Debtor's claim fails on this element as well.

   iv. *Count Four Must be Dismissed*

24. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). On a 12(b)(6) motion (made applicable to this proceeding by Fed. R. Bankr. P. 7012(b)), the Court need not accept conclusions

unsupported by the facts alleged, legal conclusions, bald assertions, or unwarranted inferences. Iqbal, 556 U.S. at 678, 680-81; Twombly, 550 U.S. at 555-56; Rolon v. Henneman, 517 F.3d 140, 149 (2d Cir. 2008).

25. Here, in support of its allegations for fraudulent conveyance under NYDCL §273; the Debtor relies on two assertions as follows:

- *Debtor has good cause to believe that Defendants Kahan and Progressive have diverted the $1.6 million of Debtor's funds to themselves*; and
- *Defendants' receipt of the $1.6 million from Defendant Cohen Tauber was without fair consideration.*

26. Both claims fail. First, the Debtor has failed to meet even the basic *Twombly* pleading requirements visa vie its first allegation. The Debtor does not allege even a single supporting fact to buttress this allegation that Kahan somehow 'diverted funds' to himself. This conclusory claim falls well short of the *Twombly* standard.

27. The second allegation fails as well. Kahan never received the $1.6 million and there is not a single factual allegation supporting this conclusory statement. As is very clear from the record, the funds went straight from CTSW directly to Progressive.

28. Finally, and further demonstrating the absurdity of this claim, the funds were released *pursuant to a court order.* A key element of NYDCL is that the transfer occurred *with actual intent to hinder, delay or defraud any creditor of the debtor*. NYDCL §273(1). Unless the Debtor is also accusing Justice Ottley and the Kings Supreme Court of fraud, it is unfathomable how an action taken pursuant to a court order could possibly be fraud.

v *Count Five Must Be Dismissed*

29. The Debtor next relies on NYDCL §276 to allege simply *"Debtor has good cause to believe that Defendants Kahan and Progressive had actual intent to hinder, delay, or defraud the present or future creditors of the Debtor when they accepted the $1.6 million of Debtor property."* See ¶96. Not only does the Debtor again fail to state a single supporting fact for this allegation, it is also belied by the fact (i) that the transfer was made pursuant to a court order; (ii) the funds did not belong to the Debtor; and (iii) the funds belonged to Kahan.

viii *Count Six Fails as Well*

30. In Count six the Debtor assets again under §276-a a claim for attorney fees. The Debtor's sole fact to support this allegation is "[o]n information and believe, the $1.6 million transfer from Defendant Cohen Tauber to Defendants Kahan and / or Progressive were made with the actual intent to hinder, delay, or defraud the present or future creditors of the Debtor." Again, this claim fails to meet the *Twombly* standard. Simply stating 'on information and belief' without any supporting facts is not sufficient.

31. Additionally, as the undisputed record makes clear, the transfer was made pursuant to a court order. To the extent the Debtor (a non-party to the Supreme Court action), wanted relief from that order, the only proper methodology to request such relief would be to go back to the Court that granted the initial relief. This entire proceeding is nothing more than an improper attempt at a collateral attack on a court order.

viii *Count Seven Must be Dismissed*

32. Under Count Seven the Debtor demands turnover of the funds as 'estate property.' As discussed, the funds are not estate property. The funds do not belong to the Debtor and never have belonged to the Debtor. The funds belong to Kahan and no one else. Kahan is

12

also a member of the Debtor has not authorized this bankruptcy, and certainly has not ever consented to these funds going into the corporate entity after the deal did not close. The funds have always belonged to Kahan. The factual support for this has been thoroughly detailed across all the pleading filed in this case which Kahan adopts as if set forth fully herein. Accordingly, this claim must be dismissed.

*viii Count Eight Also Fails*

33. Finally, the Debtor alleges that Defendants violated the automatic stay by virtue of the transfer of the $1.6 million held in escrow and seeks monetary damages as a consequence thereof. See ¶¶106 – 110. However, it is well-settled that a party asserting a claim for damages for violation of the automatic stay must allege, *inter alia* that the debtor is an *individual*; the creditor's actions were in willful violation of the stay, and (5) that the debtor suffered damages." In re Leiba, 529 B.R. 501, 506 (Bankr. E.D.N.Y. 2015).

34. Here, as a threshold matter, the Bankruptcy Code is clear that only individuals are permitted to assert claims for damages based on a violation of the automatic stay. See, e.g., In re Chateaugay Corp., 920 F.2d 183, 186 (2d Cir. 1990) (damages for violating automatic stay are available only to individuals); In re Ampal-Am. Israel Corp., 502 B.R. 361, 370 (Bankr. S.D.N.Y. 2013) ("Bankruptcy Code § 362(k)(l) (formerly§ 362(h)) confers a private right to sue for damages on behalf of an individual injured by a willful violation of the automatic stay.") (emphasis added). Since the Debtor here is a limited liability company-and not an "individual"-it lacks standing to assert this claim.

35. Next, even assuming the Debtor had standing (it does not), the funds were transferred pursuant to a court order. See, e.g., In re Edwards, 222 B.R. 527, 528 (Bankr. E.D. Va. 1998) (a post-petition foreclosure sale made pursuant to a court order in a prior bankruptcy

proceeding was not a willful violation of the automatic stay, regardless of the enforceability of that prior order).

36. Finally, as Kahan's pleadings have thoroughly detailed, the funds are not part of the bankruptcy estate at all. The pre-petition dispute over the funds' ownership is at the heart of the underlying proceedings but in either event – the dispute was only between Kahan and the *Weisz Parties,* not the Debtor. The Debtor was never referenced in any of the numerous correspondences or court filing up until the time the Debtor filed the instant bankruptcy. It was only then, for the first time, that Perl Weisz decided to argue that the funds belonged to the Debtor.

37. Accordingly, there can be no stay violation as there has been no determination that the funds are estate property. At best, a dispute existed as to ownership of the funds.

## **CONCLUSION**

38. As demonstrated above, Debtor's amended complaint is barred by the *Rooker Feldman* doctrine, is moot, mischaracterizes the nature of the funds at issue, and falls woefully short of the *Twombly* pleading. Accordingly, for all of these reasons, Plaintiffs' amended complaint must be dismissed with prejudice.

**WHEREFORE**, the Defendant Kahan respectfully requests an order;

a. Dismissing the Complaint in its entirety with prejudice; and

b. For such other and further relief as this Court deems just and proper.

Dated: November 19, 2024
Kew Gardens, New York

    Yours etc.,

    Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP

    <u>/s/ Btzalel Hirschhorn</u>
    By: Btzalel Hirschhorn, Esq.
    Attorney for Defendant Haim Kahan
    80-02 Kew Gardens, Rd. Ste. 600
    Kew Gardens, New York 11415
    Tel: 718-263-6800