**COHEN TAUBER SPIEVACK & WAGNER P.C.**
Stephen Wagner, Esq.
420 Lexington Avenue, Suite 2400
New York, New York 10170
Tel.: (212) 586-5800
swagner@ctswlaw.com

*Counsel to Cohen Tauber Spievack & Wagner P.C. pro se*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------- X
In re:                                 :  Case No. Chapter 11
                                       :
                                       :  Case No. 24-43626-ess
288 4TH LLC,                           :
                                       :  Hearing Date: January 15, 2025 at 12:30 p.m.
                Debtors.               :
                                       :
------------------------------------- X
                                       :
288 4TH LLC,                           :
                                       :
                Plaintiff,             :
                                       :  Adv. P. No. 24-01087
        v.                             :
                                       :
                                       :
HAIM KAHAN, COHEN TAUBER               :
SPIEVACK & WAGNER P.C., and            :
PROGRESSIVE REAL ESTATE                :
AGENCY LLC,                            :
                                       :
                Defendants.            :
------------------------------------- X

**COHEN TAUBER SPIEVACK & WAGNER P.C.'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS WITH PREJUDICE THE AMENDED COMPLAINT FILED BY THE DEBTOR 288 4TH LLC**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT .......................................................................................................................... 1

I. THE DECLARATORY JUDGMENT CLAIM IS MOOT AS AGAINST CTSW ............... 1

II. THE DCL 276-a CLAIM FAILS .................................................................................. 2

III. THE AUTOMATIC STAY CLAIM IS NOT VIABLE ....................................................... 3

CONCLUSION ....................................................................................................................... 4

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Chateaugay Corp.*,
 920 F.2d 183 (2d Cir. 1990)......................................................................................3

*Polanco v. NCO Portfolio Mgmt, Inc.*,
 23 F. Supp. 3d 363 (S.D.N.Y. 2014)..........................................................................3

*In re Schneorson*,
 645 B.R. 146 (Bankr. E.D.N.Y. 2022)........................................................................4

**Other Authorities**

3 *Collier on Bankruptcy* ¶ 362.12 (16th ed. 2022) ........................................................4

CTSW[1], a law firm appearing *pro se* in this matter, respectfully submits this memorandum of law in further support of its motion to dismiss the Amended Complaint as against CTSW with prejudice.

## PRELIMINARY STATEMENT

While styled as an omnibus response to Kahan and CTSW's respective motions to dismiss, the Debtor's opposition brief makes clear that CTSW is, at best, an afterthought. Indeed, the opposition virtually ignores *all* of CTSW's arguments in favor of dismissal, and focuses almost exclusively on points made by *Kahan* alone.[2] The reason is clear: the Debtor has no viable claims against CTSW and hopes that, by lumping it together with Kahan, it can somehow avoid dismissal of the (baseless) claims against CTSW.

Because the Debtor fails to rebut the grounds for dismissal identified by CTSW (and effectively concedes them by its silence), the motion to dismiss should be granted for the reasons set forth below and in the moving brief.

## ARGUMENT

### I. THE DECLARATORY JUDGMENT CLAIM IS MOOT AS AGAINST CTSW

As set forth in the moving brief, the declaratory judgment claim is moot as against CTSW and ripe for dismissal pursuant to Rule 12(b)(1) because (i) the Amended Complaint concedes that CTSW is not in possession of the subject funds and (ii) any declaration as to the Debtor's rights would have no bearing whatsoever on CTSW or provide any relief to the Debtor as against CTSW. (ECF Dkt. 22-2 at pp. 7-8.)

---

[1] Capitalized terms have the same meaning as in the moving brief (ECF Dkt. 22-2).

[2] By way of example, the Debtor contends that "Kahan and Cohen Tauber . . . again, fail to establish that Plaintiff's claims in the Adversary Proceeding are barred by the *Rooker-Feldman* abstention doctrine." (ECF Dkt. 29, ¶ 64.) Yet, CTSW's moving brief did not cite to or rely upon that doctrine; the argument was advanced by Kahan alone. (ECF Dkt. 24, ¶¶ 9-11.)

The Debtor does not respond to CTSWs' arguments. Indeed, it addresses points raised exclusively by Kahan in his motion. (ECF Dkt. 29, ¶¶ 73-76.) At most, the Debtor contends that the claim is not moot because the "definition of property of the estate is a broad concept" (ECF Dkt. 29, ¶ 74)[3] but this does not explain the basis for a declaratory judgment claim against *CTSW* when the dispute is solely between the Debtor and Kahan.

Consequently, the declaratory judgment claim should be dismissed as moot against CTSW.

## II. THE DCL 276-a CLAIM FAILS

The DCL 276-a claim is fatally flawed because the Debtor cannot seek attorneys' fees where it has not asserted an underlying fraudulent conveyance claim against CTSW. (ECF Dkt. 22-2 at pp. 9-10.) Again, the Debtor does not address this argument at all and, instead, seemingly addresses the other, underlying fraudulent conveyance claims (which it does not assert against CTSW). The Debtor likewise concedes that it could not have asserted a substantive fraudulent conveyance claim against CTSW because such claims are only actionable against the transferee (and CTSW is allegedly the transferor). (*See* ECF Dkt. 22-2 at p. 9 & n.5.)

Beyond that, the Debtor concedes, by its silence, that fraudulent conveyance claims (including DCL 276-a claims) cannot be made "upon information and belief." (ECF Dkt. 22-2 at p. 10.) And, the Debtor does not allege actual intent to defraud the Debtor's creditors because the pleading contains no allegations that CTSW was even aware of the Debtor's creditors and there are no non-conclusory allegations that CTSW sought to defraud the Debtor (even putting aside that CTSW originally requested that the funds be deposited with the Kings County court

---

[3] This point addresses an argument raised by Kahan, not CTSW. (*See* ECF Dkt. 24, ¶¶ 15-16.)

{00545087.DOCX; 1}

and that CTSW ultimately transferred the funds as directed by a court order). (ECF Doc. 22-2 at pp. 9-10.)[4]

Accordingly, the DCL 276-a claim should be dismissed.

### III. THE AUTOMATIC STAY CLAIM IS NOT VIABLE

The Debtor's Ninth Count should be dismissed. The law is clear that only *individuals* can assert claims for violation of the automatic stay and the Debtor is a limited liability company. (ECF Dkt. 22-2 at pp. 11-12.)

Recognizing that this alone warrants dismissal of the claim, the Debtor contends that the Court can sanction violations pursuant to its "contempt power." Notwithstanding that the Amended Complaint asserts no cause of action for contempt, this argument must be rejected because—as the Debtor's own cited authority provides—contempt claims require allegations of "maliciousness or lack of a good faith argument and belief that the party's actions were not in violation of a bankruptcy stay." *In re Chateaugay Corp.*, 920 F.2d 183, 187 (2d Cir. 1990) (citation omitted).

Here, there are *no* allegations that CTSW acted maliciously. And, the factual allegations suggest, if anything, that CTSW had a good-faith belief that its actions—done pursuant to a court order—did not violate the automatic stay, as there is a genuine dispute as to whether the subject monies are part of the estate at all; Kahan maintains that they belong to him given that he provided those funds for the underlying transaction. (ECF Dkt. 22-2 at pp. 12-13.) (The Debtor concedes that the funds were provided by Kahan. (ECF Dkt. 29, ¶ 20).)

---

[4] The Debtor relies on *Polanco v. NCO Portfolio Mgmt, Inc.*, 23 F. Supp. 3d 363, 371 (S.D.N.Y. 2014), but that case did not concern a Section 276-a claim at all.

3

In any event, any claim for contempt fails because any violation of the automatic stay could not have been willful given that a court ordered CTSW to transfer the funds. (ECF Dkt. No. 22-2 at pp. 11-12.) *See In re Schneorson*, 645 B.R. 146, 161 (Bankr. E.D.N.Y. 2022) ("To hold a party in civil contempt for a violation of the automatic stay, the party must have violated the stay willfully. 3 *Collier on Bankruptcy* ¶ 362.12 (16th ed. 2022). There must be no fair ground of doubt that the automatic stay applied to the party's action.") (cleaned up).

As such, the automatic stay claim is not viable and should be dismissed.

## CONCLUSION

For the foregoing reasons, and as set forth in the moving brief, CTSW's motion should be granted in its entirety and this proceeding dismissed with prejudice as against CTSW, together with such other and further relief as the Court deems just and proper.

Dated: January 13, 2025

          COHEN TAUBER SPIEVACK & WAGNER P.C.

          By: /s/ Stephen Wagner
              Stephen Wagner
              420 Lexington Avenue, Suite 2400
              New York, New York 10170
              Tel.: 212-586-5800
              swagner@ctswlaw.com

          *Pro Se* Defendant